QUINCE, J.,
concurring in part and dissenting in part.
I concur with my colleagues that Tundi-dor is hot entitled to relief on the majority of his claims; however, I cannot agree with the majority’s conclusion that the Hurst error in this case, is harmless beyond a reasonable doubt. Because I would find that the Hurst error in this case requires a new penalty phase, I dissent.''
In Hurst v. State, 202 So.3d 40, 69 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017), we declined to speculate why the jurors voted the way they did; yet, here, the majority finds that the unanimous “recommendation allows us to conclude beyond a reasonable doubt that a rational jury would have unanimously found that there were sufficient aggrava-tors to outweigh the mitigating factors ” Majority op. at 607 (quoting Davis v. State, 207 So.3d 142, 174 (Fla. 2016)).
Although the jury unanimously recommended a death sentence, we cannot know that the jury found each' aggravating factor unanimously. Because three of the ag-gravators-found by the trial court for the murder in this case—that the capital felony was committed for pecuniary gain; that the capital felony was especially heinous, atrocious or cruel; and that the crime was committed in a cold, calculated, and premeditated manrier—"-require specific factual findings, Hurst requires that the jury, not the trial judge, make that determination. The jury made no such determination in Tundidor’s case.
By ignoring the record and concluding that all aggravators were unanimously found by-the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against. See Hurst v. Florida, 136 S.Ct. at 622. Because the harmless error review is neither a sufficiency of the evidence review nor “a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,’.’ see DiGuilio, 491 So.2d at 1139, I cannot conclude beyond a reasonable doubt that the error here was harmless, and ‡ would vacate Tundidor’s unconstitutional death sentence and remand for resentencing. See Hurst, 202 So.3d at 69.